IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES WILLIAM MCCOY, #160621 | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. JKB-15-1197 |
| RICHARD D. DOVEY, *et al.*, | * | |
| Respondents. | | |

\*\*\*\*\*

MEMORANDUM

Petitioner Charles McCoy ("McCoy") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking his 1981 convictions in the Circuit Court for Howard County.[1] ECF No. 1. Respondents' limited answer to the petition and McCoy's reply remain pending. ECF Nos. 3 & 6. After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow, the petition shall be dismissed as time-barred.

**Background and Procedural History**

McCoy was convicted by a jury of first-degree murder and theft in the Circuit Court for Howard County. ECF No. 1 & ECF No. 3-1. He was sentenced to life in prison on December 22, 1981. ECF No. 3-1. The judgment of conviction was affirmed on direct appeal on December 10, 1984. *Id.*; *see also McCoy v. State*, 301 Md. 666, 484 A.2d 624 (1984).

---

[1] McCoy claims that the jury failed to comply with Md. Code Ann., Criminal Law, § 2-302 (new language derived without substantive change from former Art. 27, § 412(a)), which requires that when a court or jury finds a person guilty of murder, the court or jury shall state in the verdict whether the person is guilty of murder in the first degree or murder in the second degree.

Respondents observe that McCoy filed various post-judgment pleadings that were all concluded prior to April 1996. On March 24, 2005, he filed his first pleading subsequent to the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The motion to correct an illegal sentence was denied on May 11, 2005. ECF No. 3-1. Subsequent pleadings were filed, *i.e.*, a petition for and motion to reopen post-conviction relief and motions to reconsider sentence and for new sentencing, but no relief was granted in McCoy's favor. *Id*.

## Statute of Limitations

Pursuant to AEDPA, when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[2] McCoy, whose conviction became final in

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1981, had one year from the effective date of AEDPA to file his petition in this Court. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997, for convictions which became final prior to April 24, 1996).

This petition was, however, not filed until April 19, 2015, nineteen years after the statute-of-limitations period began to run. Further, no state post-conviction petition was pending to statutorily toll the limitation period under § 2244(d)(2) from April 24, 1996, to April 24, 1997. Thus, this petition was filed well outside the one-year statute-of-limitations period.

In his reply, McCoy argues that he is entitled to have his claims heard under the equitable tolling and miscarriage of justice exceptions. ECF No. 6. He claims that unlike judges and lawyers, who are "trained in the science and spirit of the law," it was not until October of 2012, when he became aware and discovered through "reasonable diligence" that the "mandatory due process language" under Maryland criminal law, requiring a jury to "orally announce the degree of murder in their verdict," was violated in his case. McCoy, however, claims that the limitations period should start to run on October 22, 2014, the date when his petition for certiorari was denied by the Maryland Court of Appeals. He further asserts that under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), it would be unjust for respondents to be permitted to rely on a procedural rule "to cover up a blatantly 14th Amendment due process violation." *Id.*

---

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi,* 131 S. Ct. 1278, 1283 (2011). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims. Further, to be entitled to equitable tolling a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005)). Legal inexperience is not a justification for equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling; *Cross–Bey v. Gammon,* 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). McCoy has plainly failed to show that he pursued his rights diligently and he does not provide a rare and exceptional circumstance for tolling the limitation period.

Further, in *McQuiggin v. Perkins,* 133 S. Ct. 1924 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. *Id.* at 1934. "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." *Crawford v. Head,* 311 F.3d

1288, 1327 (11th Cir. 2002) (quoting *Isaacs v. Head,* 300 F.3d 1232, 1255 (11th Cir. 2002)). "[T]enable actual-innocence gateway claims are rare." *McQuiggin,* 133 S. Ct. at 1928. The petitioner must satisfy the *Schlup* standard, *McQuiggin,* 133 S. Ct. at 1928 (citing *Schlup v. Delo,* 513 U.S. 298 (1995)), by demonstrating that constitutional error "probably resulted" in the conviction of one who is actually innocent. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.,* 513 U.S. at 315–17. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.,* 513 U.S. at 329. "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.,* 513 U.S. at 329 (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency"); *see also House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

    McCoy has not made the requisite showing under *McQuiggin* and *Schlup* to warrant application of the miscarriage of justice exception to the statute of limitations bar.  He did not advance his claim within a reasonable time of its availability and thus is not entitled to equitable tolling.  His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. McCoy does not satisfy this standard, and the court declines to issue a certificate of appealability.

Date: September 4, 2015                    _____/s/_____
                                                          James K. Bredar
                                                          United States District Judge